**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLERIDA MARICELA LOPEZ RAMIREZ, | No. 18-73213 |
| Petitioner, | Agency No. A209-872-418 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2023**
Pasadena, California

Before: CALLAHAN, R. NELSON, and H.A. THOMAS, Circuit Judges.

Petitioner Clerida Lopez Ramirez, a native and citizen of Guatemala,

petitions for review of a Board of Immigration Appeals ("BIA") decision

upholding an immigration judge's ("IJ") (collectively, the "Agency") denial of her

application for asylum, withholding of removal, and relief under the Convention

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). Before us, Lopez Ramirez raises four main arguments. She asserts that the Agency erred (1) in holding she did not belong to a legally cognizable particular social group; (2) in concluding that her fear of persecution did not bear a nexus to her membership in that particular social group; (3) in determining that future persecution was not likely to occur should she be removed; and (4) in finding that she did not establish eligibility for protection under CAT. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where, as here, the BIA adopts the IJ's decision and also provides its own review of the evidence and the law, we review both the IJ and the BIA's decisions. *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011). We review de novo questions of law and for substantial evidence the factual findings underlying the BIA's determination that a petitioner is not eligible for asylum, withholding of removal, or CAT relief. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Under the deferential substantial evidence standard, a petitioner "must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous." *Id.*

**1.** The Agency did not err in finding that Lopez Ramirez has not established membership in a legally cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131–32 (9th Cir. 2016) (explaining cognizability standard) (citing *Matter of M-E-G-V-*, 26 I & N Dec. 227, 237 (BIA 2014)).

Whether a group constitutes a "particular social group" is a question of law that we review de novo. *Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010). The Agency correctly found that Lopez Ramirez's proffered social group comprising "young, impoverished Guatemalan women who refuse to join or cooperate with a gang or criminal organization" was not legally cognizable because it failed to meet the particularity and social distinction requirements. We have previously found similar social groups are not legally cognizable. *See, e.g.*, *Barrios v. Holder*, 581 F.3d 849, 855 (9th Cir. 2009) (holding that "young men in Guatemala who resist gang recruitment" is not a cognizable particular social group), *abrogated in part by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013).

**2.** Similarly, the IJ did not err in finding that Lopez Ramirez failed to demonstrate a nexus between her proposed particular social group and the alleged persecution she faced. Substantial evidence supports the conclusion that the Mara 18 gang's acts of retribution at the Catarina marketplace may have been motivated by nothing more than the gang's general desire to increase its membership. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Although Lopez Ramirez argues that the kidnapping and murder of her uncle supports her claims, substantial evidence supports the IJ's conclusion because (1) the events involving her uncle took place

3

four years earlier, (2) Lopez Ramirez merely speculated it was the same local gang that perpetrated the killing, and (3) the kidnapping and murder bore no apparent link to her own persecution.

**3.** Lopez Ramirez's claim that the Agency erred in denying her application for withholding of removal is similarly unpersuasive. To qualify for withholding of removal, a petitioner must show by a "clear probability" that she would be subject to persecution on account of a protected ground. *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010) (explaining standard of "clear probability" means "more likely than not"); *see* 8 U.S.C. § 1231(b)(3)(A). But given Lopez Ramirez has failed to establish eligibility for asylum relief, her application under the more stringent standard for withholding of removal also fails. *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000) ("A failure to satisfy the lower standard of proof required to establish eligibility for asylum . . . necessarily results in a failure to demonstrate eligibility for withholding of deportation.").

**4.** Finally, the Agency did not err in denying Lopez Ramirez's application for protection under CAT. To qualify for protection, she must demonstrate that it is "more likely than not" that she would be tortured by public officials, or with their acquiescence, if removed to Guatemala. 8 C.F.R. § 208.16(c)(2); *see Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014). Substantial evidence supports the finding that Lopez Ramirez has not experienced torture in the past.

4

Substantial evidence further supports the finding that it is not "more likely than not" that Lopez Ramirez would be tortured by public officials, or with their acquiescence, in the future. Finally, the IJ reasonably determined that Lopez Ramirez was not eligible for relief because she failed to offer evidence that she could not relocate within Guatemala to avoid persecution. On appeal she offers no argument to the contrary and has thus waived any objection to the Agency's findings. *See Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) ("We will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.") (cleaned up).

The petition for review is **DENIED.**